**[J-58-2025] [MO: Dougherty, J.]**
**IN THE SUPREME COURT OF PENNSYLVANIA**
**EASTERN DISTRICT**

IN RE: JUDGE MARK B. COHEN, COURT
OF COMMON PLEAS 1ST JUDICIAL
DISTRICT PHILADELPHIA COUNTY

APPEAL OF: JUDGE MARK B. COHEN

: No. 63 EAP 2024
:
: Appeal from the Order of the Court
: of Judicial Discipline entered on
: October 7, 2024, at No. 1 JD 2023.
:
: SUBMITTED: June 17, 2025

## CONCURRING OPINION

**JUSTICE WECHT**                                                  **DECIDED: January 21, 2026**

I join the Court's opinion, which thoroughly and astutely addresses the issues in this case and articulates an appropriate standard for weighing claims involving judges' speech.

In an age of ubiquitous social media and heightened acrimony, it is imperative that jurists remain mindful and careful. They must avoid the type of partisan punditry and running online commentary on politics that poured forth continually from the keyboard of the judge involved in today's case. People are free to do this sort of thing, but judges are people with an asterisk. A person who chooses to become a judge must park some portion of his or her First Amendment rights at the courthouse curb for the duration in which that judge is serving on the bench. Upon retirement or resignation, all of those rights return in full to the jurist, who can then rejoin the madding crowd as much and as boisterously as the jurist wishes.

The Majority aptly distinguishes this case from those that have addressed challenges to the speech rights of judicial candidates. Pennsylvania judges, unlike their federal colleagues and their colleagues in many states, must climb down from the ivory

tower and engage in the hurly burly of electoral campaigning every decade. These retention campaigns may strike some as unseemly, but they are mandated by our Constitution. If the people of this Commonwealth wish to imagine their judiciary to be as pure as the driven snow, and if the people are under some impression that elimination of judicial elections would advance such purity, they are free to alter their Constitution. But unless and until such a transformation occurs, the people (and the constitutionally created institutions that are our Court of Judicial Discipline and Judicial Conduct Board) must honor the bargain made in the amendment process nearly sixty years ago: judicial candidates are candidates. While judicial candidates operate under constraints inapplicable to other candidates,[1] they do enjoy a fuller quantum of their First Amendment rights than judges who are not enmeshed in a retention election cycle (or an initial campaign for a judicial seat).[2] In the context of judicial elections, there is (and must be) play in the joints. This is a principle that our Constitution embraces and that all must respect.

A final note: I am hesitant to endorse—and I do not endorse—any suggestion that a jurist who formerly served as a legislator (or, for that matter, an executive branch official) may not in some appropriate fashion refer to (or even, to adopt the Majority's usage, "tout[]"[3]) his or her record of actions taken or accomplishments achieved while serving in a political branch of our government. I understand the Majority's validation of the CJD's

---

[1]    *See, e.g.*, CODE OF JUDICIAL CONDUCT Rule 4.2(C)(3) ("A judge who is a candidate for elective judicial office shall not . . . knowingly or with reckless disregard for the truth, make, or permit or encourage his or her campaign committee to make, any false or misleading statement[.]").

[2]    *League of Women Voters v. Commonwealth of Pennsylvania*, 179 A.3d 1080, 1088 (Pa. 2018) (Wecht, J., single Justice order) (discussing the Unites States Supreme Court's decision in *Republican Party of Minnesota v. White*, 536 U.S. 765 (2002)).

[3]    Maj. Op. at 8, 35.

and JCB's concerns in this regard as focusing on the avidly and insistently partisan tilt of Judge Cohen's "tout[ing]" of his legislative deeds, not on the "tout[ing]" itself. If a jurist speaks of laws passed or bills introduced during a prior legislative career, such speech is not categorically problematic. It may well be problematic in context. If the "tout[ing]" transgresses our Code of Judicial Conduct in some particular, it is fair ground for discipline. But the bare fact that a judge recites things that he or she did while serving as a legislator is not, by itself and without more, transgressive. Context is critical, as is detail. Subject to that understanding, I join today's opinion, an opinion that advances the jurisprudence in the challenging terrain where expressive rights bump up against canonical precepts of judicial conduct.